923 F.2d 840
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ghassan MAARAWI, Plaintiff, Appellant,
v.
J.W. RIKER REAL ESTATE, Defendant, Appellee.
 No. 90-1655.
 United States Court of Appeals, First Circuit.
 Nov. 27, 1990.
as amended Nov. 28, 1990.
 
 Appeal From the United States District Court for the District of Rhode Island; Raymond J. Pettine, Senior District Judge.
 Ghassan Maarawi, on brief pro se.
 D.R.I.
 AFFIRMED.
 Before LEVIN H. CAMPBELL, Torruella and Selya, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the dismissal of his action. We review the background.
 
 
 2
 Plaintiff filed a complaint against defendant J.W. Riker Real Estate and a motion. The latter alleged as follows:
 
 
 3
 Defendant broke a valid contract with total disregard for plaintiff civil rights, and without any previous notice. Establishment period of 18 months as an independent contractor left plaintiff reputation and commission damaged.
 
 
 4
 The complaint was apparently to the same effect, but less comprehensible. Defendant responded in a letter to the court that defendant could not answer the complaint because it was incomprehensible. Plaintiff elaborated in a "Motion to Compel" indicating that he had worked as a broker for defendant real estate company, but when defendant learned that plaintiff was collecting A.F.D.C. benefits, defendant had terminated plaintiff's employment. Plaintiff asked for $950,000 in commissions and damages for, among other things, loss of reputation. The court dismissed the action without prejudice because of the complaint's "utter inadequacy." Plaintiff appealed.
 
 
 5
 Plaintiff claims that his civil rights have been violated. He has not alleged, however, a type of discrimination upon the part of a private person which is prohibited by and actionable under federal law. There are no allegations, for example, of racial or age discrimination. See, e.g., 42 U.S.C. Sec. 2000e-2 (prohibiting race, color, religion, sex, or national origin discrimination); 29 U.S.C. Sec. 623 (prohibiting age discrimination). We think that, at most, plaintiff's complaint and other papers might potentially alleged a tort or breach of contract claim, both of which are state causes of action. Absent diversity of citizenship, the district court has no jurisdiction over such state law matters. Plaintiff has not alleged diversity of citizenship, and we see no basis for inferring it. Consequently, we affirm the district court's order of dismissal.
 
 
 6
 Affirmed.